UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **ALFRED MERCER** | * | **CIVIL ACTION NO. 11-0372** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **LIFE INSURANCE COMPANY OF NORTH AMERICA** | * | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the district court, are cross-motions for summary judgment filed by plaintiff Alfred Mercer [doc. # 6] and defendant Life Insurance Company of North America ("LINA") [doc. # 9], regarding the standard of review to be applied in this ERISA case. For reasons explained below, it is recommended that the cross-motions for summary judgment [doc. #s 6 & 9] be GRANTED IN PART and DENIED IN PART.

### Background

On March 8, 2011, Alfred Mercer filed the instant complaint under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*., against LINA – the designated plan fiduciary for the employee welfare benefit plan ("the Plan") sponsored by his former employer, Lakeland Holdings, LLC, d/b/a WorldStrides. *See* Compl.; Amend. Rider; Admin. Record, Bates Labeled MERCER00240-241. Plaintiff contends that LINA wrongfully denied him disability benefits under the Plan. (Compl.). Accordingly, he seeks a judgment ordering LINA to pay him the disability benefits that were wrongfully denied him, plus attorney's fees. *Id*.

On April 12, 2011, the court ordered the parties to file, within 60 days, "a (1) joint stipulation, (2) statement, or (3) motion for summary judgment or other dispositive motion as to the following issues:

    a.    whether ERISA governs the employee benefit plan at issue,

    b.    whether the plan vests the administrator with discretionary authority to determine eligibility for benefits and/or construe and interpret the terms of the plan, and

    c.    whether ERISA preempts all state law claims related to the employee benefit plan at issue.

(Apr. 12, 2011, Civil Case Mgmt. Order [doc. # 5]).

Pursuant to the foregoing instructions, plaintiff filed the instant motion for summary judgment on May 24, 2011. In his motion, plaintiff represented that the parties agreed that the case was governed by ERISA, and that ERISA preempted any state law claims regarding the benefit plan at issue. However, the sides could not agree on the proper standard of review. Plaintiff contends that the appropriate standard of review is *de novo*.

On June 10, 2011, LINA filed its opposition to plaintiff's motion, which doubled as its cross-motion for summary judgment regarding the appropriate standard of review. LINA argues that the Plan vested the fiduciary with discretionary authority to determine benefit eligibility; thus, the decision to deny benefits must be reviewed under an arbitrary and capricious standard. Following delays for additional briefing, the matter is now before the court.

## **Summary Judgment Principles**

Summary judgment is appropriate when the evidence before the court shows "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2511 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id*.

In evaluating the evidence tendered by the parties, the court must accept the evidence of the non-movant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. "The court *need* consider only the cited materials, but it *may* consider other materials in the record." Fed.R.Civ.P. 56(c)(3) (emphasis added). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). There can be no genuine issue as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of

3

the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

When a movant bears the burden of proof on an issue, it must establish "beyond peradventure[1] all of the essential elements of the claim . . . to warrant judgment in [its] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). In other words, the movant must affirmatively establish its right to prevail as a matter of law. *Universal Sav. Ass'n v. McConnell*, 1993 WL 560271 (5th Cir. Dec. 29, 1993) (unpubl.).

## Analysis

"ERISA was enacted 'to promote the interests of employees and their beneficiaries in employee benefit plans' and 'to protect contractually defined benefits.'" *Schadler v. Anthem Life Ins. Co.*, 147 F.3d 388, 393 (5th Cir. 1998)(citation omitted). To achieve these goals, ERISA requires every employee welfare benefit plan to,

> (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and
>
> (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

29 U.S.C. § 1133.

When deciding whether to pay or deny benefits, a plan administrator must make two general types of determinations: "[f]irst, [s]he must determine the facts underlying the claim for benefits. . . . Second, [s]he must then determine whether those facts constitute a claim to be honored under the *terms* of the plan." *Schadler*, 147 F.3d at 394 (citation omitted) (emphasis in original). If a plan participant has been denied benefits, then ERISA permits a claimant to bring

---

[1] I.e., beyond doubt.

4

suit in federal court "to recover benefits due to him under the terms of his plan."  29 U.S.C. § 1132(a)(1)(B).

Under ERISA, the factual determinations made by the plan administrator or fiduciary are reviewed for abuse of discretion.  *Southern Farm Bureau Life Ins. Co. v. Moore*,  993 F.2d 98, 100-101 (5th Cir. 1993) (citing *Pierre v. Conn. Gen. Life Ins. Co.*, 932 F.2d 1552 (5th Cir.1991)).  However, a plan administrator's interpretation or application of the plan is reviewed de novo "'unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan.'" *Aboul-Fetouh v. Employee Benefits Committee*,  245 F.3d 465, 471-472 (5th Cir. 2001) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 956-57 (1989)).

The court emphasizes that " the administrator's factual determinations are reviewed for abuse of discretion, regardless of the administrator's ultimate authority to determine benefit eligibility." *Chacko v. Sabre, Inc.*, 473 F.3d 604, 610 (5th Cir. 2006) (citations omitted).  Moreover, when "a challenge to a denial of benefits . . . disputes whether an individual's conditions qualify as a disability, the inquiry involves factual determinations . . ." which is subject to review for abuse of discretion.  *McDonald v. Hartford Life Group Ins. Co.*, 361 Fed. Appx. 599, 607 (5th Cir. Jan. 19, 2010) (unpubl.) (citing *Wade v. Hewlett-Packard Development Co. LP Short Term Disability Plan*, 493 F.3d 533, 540 (5th Cir. 2010)); *see also Bellaire General Hosp. v. Blue Cross Blue Shield of Michigan*, 97 F.3d 822, 828 (5th Cir. 1996) (accepting Plan Administrator's concession that decisions regarding medical necessity were factual determinations); *Johnson v. Hartford Life Ins. Co.*, 2008 WL 544465, 2 (W.D. La. Feb. 27, 2008) (Hicks, J.), *affirmed*, 304 Fed. Appx. 346 (5th Cir. Jan. 5, 2009) (plan insurer's decision that plaintiff was not disabled is a factual determination) (citing *Meditrust Financial Services, Corp.*

*v. Sterling Chemicals, Inc.*, 168 F.3d 211, 214 (5th Cir.1999)).

Here, LINA denied benefits because it determined that the evidence on file did not support a finding that Mercer was disabled. *See* Dec. 16, 2010, Letter from LINA to Pl. Counsel, MERCER00005-7.[2] In so deciding, LINA determined that Mercer retained the ability to perform his prior work as a program analyst – a job performed at the sedentary exertional level according to the Dictionary of Occupational Titles. *Id*. Thus, LINA's decision constitutes a factual determination subject to review for abuse of discretion,[3] with the court weighing any conflict of interest (if established by the employee) as a factor in the analysis. *McDonald, supra*; *see also Wade, supra* (where plaintiff solely asserts that his condition qualifies as a disability, the case hinges upon the administrator's factual determination, which is reviewed for abuse of discretion).

At this stage, whether the Plan accorded discretionary authority to LINA to construe and interpret plan terms does not appear relevant to the instant appeal. However, because the court ordered the parties to address this issue, the undersigned will weigh in.

---

[2] Under the Plan,
> The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
> 1. unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and
>
> 2. unable to earn 80% or more of his or her Indexed Earnings.

Plan, MERCER00218.

The Plan further specifies that the Employee "must provide the Insurance Company, at his or own expense, satisfactory proof of Disability before benefits will be paid." *Id*., MERCER00227.

[3] Abuse of discretion is synonymous with the arbitrary and capricious standard of review. *Cooper v. Hewlett-Packard Co.*, 592 F.3d 645, 651-652 (5th Cir. 2009) (citation omitted). "When reviewing for arbitrary and capricious actions resulting in an abuse of discretion, we affirm an administrator's decision if it is supported by substantial evidence." *Id*.

As discussed previously, for decisions involving a plan administrator's interpretation of plan provisions, the court applies a *de novo* standard of review, "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan. Where a plan does vest the administrator with such discretionary authority, courts review the decision under the more deferential abuse of discretion standard." *Schadler, supra* (internal citations omitted). Moreover, "[d]iscretionary authority cannot be implied; an administrator has no discretion to determine eligibility or interpret the plan unless the plan language expressly confers such authority on the administrator." *Wildbur v. ARCO Chemical Co.*, 974 F.2d 631, 636 (5th Cir. 1992) (citing *Cathey v. Dow Chemical Co. Medical Care Program*, 907 F.2d 554, 558 (5th Cir.1990)). The courts do not require any particular "linguistic template;" rather, the plan must be read "as a whole" to determine whether it confers discretionary authority upon the plan administrator or fiduciary. *See Wildbur, supra*.

LINA contends that the following Plan provisions establish that it enjoys discretionary authority to determine eligibility for benefits or to construe plan terms,

> The Plan Administrator has appointed [LINA] as the named fiduciary for deciding claims for benefits under the Plan, and for deciding any appeals or denied claims.
>
> \*     \*     \*
>
> [LINA] has 45 days from the date it receives a claim for disability benefits, or 90 days from the date it receives a claim for any other benefit, to determine whether or not benefits are payable in accordance with the terms of the Policy.
>
> \*     \*     \*
>
> A written request for appeal must be made to [LINA] within 60 days (180 days in the case of any claim for disability benefits) from the date the denial was received . . . [LINA] has 60 days (45 days, in the case of any disability benefit) from the date it receives a request to review the claim and provide its decision.

(Plan, Amend. Rider, MERCER00240-00241). *Id*.

*	*	*

>   [the Employee] must provide the Insurance Company, at his or own expense, satisfactory proof of Disability before benefits will be paid.

(Plan, MERCER00227).

At the outset, the court rejects LINA's argument that because LINA is a named plan fiduciary, it, by definition, enjoys discretionary authority. *See* 29 U.S.C. § 1002(21)(A). In *Bruch*, the Supreme Court explained that it was enunciating the "appropriate standard of judicial review of benefit determinations by *fiduciaries* or plan administrators under ERISA." *Bruch, supra* (emphasis added). Thus, the *Bruch* test also applies to fiduciaries.

With regard to the Plan provisions authorizing LINA to decide claims for benefits, the court finds that these sections do not suffice to confer LINA with discretionary authority. *See Cathey, supra*. In *Cathey*, despite plan language designating the insurance company as the "Named Fiduciary," and according it with authority to render a "*final decision on a claim for benefits*," the court determined that this was not the type of express and unambiguous language necessary to confer discretionary authority. *Cathey*, 907 F.2d at 559-560 (emphasis in original). The court contrasted the foregoing plan language from cases where 1) the plan conferred the fiduciary or administrator with "the power to determine all questions arising" under the plan and specified that the administrator's determinations were "binding on all persons;" and 2) the fiduciary enjoyed "full and exclusive authority to determine all questions of coverage and eligibility." *Id*. (citations omitted).

Here, as in *Cathey*, the plan language identified by LINA remains silent regarding the discretion exercised by the plan fiduciary to make claim decisions. Moreover, LINA has not identified any plan provisions that expressly or unequivocally grant it authority to construe plan terms and render final decisions regarding eligibility for benefits. Perhaps the provision that

comes closest to bestowing LINA with some modicum of discretion is the provision requiring the employee to provide LINA with "satisfactory proof of Disability." As addressed above, however, disability is a factual determination that is reviewed for abuse of discretion, irrespective of any discretion that the plan confers on the administrator/fiduciary. The undersigned is not persuaded that a plan provision requiring "satisfactory proof of Disability" also acts to confer the plan administrator/fiduciary with discretionary authority to construe and interpret any disputed plan terms. *See Bruch, supra* (no evidence that the administrator had authority to construe uncertain terms). Accordingly, in the event that any issues of plan term interpretation arise in the course of these proceedings, the court shall review the issue(s) *de novo*. *Id*.

## Conclusion

For the above-assigned reasons,

**IT IS RECOMMENDED** that the cross-motions for summary judgment [doc. #s 6 & 9] filed by plaintiff Alfred Mercer and defendant Life Insurance Company of North America be **GRANTED IN PART** and **DENIED IN PART**. Fed.R.Civ.P. 56. LINA's determination that Mercer was not disabled is a factual determination that is subject to review for abuse of discretion, with the court weighing any conflict of interest (if established by the employee) as a factor in the analysis. Furthermore, in the event that any issues of plan term interpretation arise in the course of these proceedings, the court shall review the issue(s) *de novo*.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at

the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 29th day of August 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE